# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | CRIMINAL NO. 17-519 |
| ROBERT MACK, (1) <br> a/k/a "Tweet," | : | |
| KENNETH RILEY, (2) <br> a/k/a "Kenny," | : | |
| JAMES WILSON, (3) <br> a/k/a "JT," | : | |
| MARK SAMUEL, (5) | : | |
| XAVIER TOWEL, (6) <br> a/k/a "Zay," | : | |

## ORDER

AND NOW, this     day of        2018, it is hereby ORDERED that the following evidence of defendants' prior convictions are admissible to impeach the defendant, pursuant to Federal Rule of Evidence 609(a), if he elects to testify:

As to Kenneth Riley:

| Docket | Arrest | Resolution | Charge | Sentence |
|---|---|---|---|---|
| CP-51-CR-0001749-2011 | 1/11/11 | Guilty Plea | PWID | 5 years of probation |

As to James Wilson:

| Docket | Arrest | Resolution | Charge | Sentence |
|---|---|---|---|---|
| CP-51-CR-0012796-2010 | 8/13/10 | Guilty Plea | PWID | 5 years of probation |
| CP-51-CR-0014503-2010 | 8/24/10 | Guilty Plea | PWID | 5 years of probation |
| MC-51-CR-0046304-2010 | 10/26/10 | Guilty Plea | PWID | 2 years of probation |

As to Mark Samuel:

| Docket | Arrest | Resolution | Charge | Sentence |
| --- | --- | --- | --- | --- |
| CP-51-CR-0005128-2015 | 2/13/15 | Guilty Plea | PWID | 2 years of probation |

As to Xavier Towel:

| Docket | Arrest | Resolution | Charge | Sentence |
| --- | --- | --- | --- | --- |
| CP-51-CR-0000858-2011 | 11/30/10 | Guilty Plea | Conspiracy | 3 years of probation |

This Court finds that the probative value of these convictions outweigh its prejudicial effect on the defendant.

BY THE COURT:

_____
HONORABLE JUAN R. SANCHEZ
*Chief Judge, United States District Court*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 17-519 |
| ROBERT MACK, (1) | : | |
|     a/k/a "Tweet," | | |
| KENNETH RILEY, (2) | : | |
|     a/k/a "Kenny," | | |
| JAMES WILSON, (3) | : | |
|     a/k/a "JT," | | |
| MARK SAMUEL, (5) | : | |
| XAVIER TOWEL, (6) | | |
|     a/k/a "Zay," | : | |

## GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT PRIOR CONVICTIONS PURSUANT TO FED. R. EVID. 609(a)

The United States of America, by William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Jonathan B. Ortiz and Seth Schlessinger, Assistant United States Attorneys, hereby file this Motion *in Limine* to Admit Evidence pursuant to Federal Rule of Evidence 609(a).

WHEREFORE, for reasons stated in the accompanying memorandum of law, which is incorporated here by reference, the United States of America respectfully requests that the government's motion be granted.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney
 /s/    Jonathan B. Ortiz            
JONATHAN B. ORTIZ
SETH SCHLESSINGER
Assistant United States Attorneys

3

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 17-519 |
| ROBERT MACK, (1) | : | |
|     a/k/a "Tweet," | | |
| KENNETH RILEY, (2) | : | |
|     a/k/a "Kenny," | | |
| JAMES WILSON, (3) | : | |
|     a/k/a "JT," | | |
| MARK SAMUEL, (5) | : | |
| XAVIER TOWEL, (6) | | |
|     a/k/a "Zay," | : | |

**GOVERNMENT'S MEMORANDUM
IN SUPPORT OF ITS MOTION *IN LIMINE*
TO ADMIT EVIDENCE UNDER FED. R. EVID. 609**

**I.    INTRODUCTION**

The United States of America, by its undersigned attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Jonathan B. Ortiz and Seth Schlessinger, Assistant United States Attorneys for the district, seek a pre-trial ruling under Fed. R. Evid. 609, that it may impeach the defendants with their prior criminal convictions, it they testify at trial. The government also seeks a pre-trial ruling that it may cross-examine any character witnesses whom the defendant offers on his behalf with the defendant's prior record. The United States represents the following in support of its motion:

**II.   FACTUAL BACKGROUND AND THE PRIOR CONVICTIONS**

On September 27, 2017, a federal grand jury in Eastern District of Pennsylvania returned an indictment charging the above-named defendants with a variety of crimes. Every

defendant is charged in Count One with conspiring to distribute crack cocaine in violation of 21 U.S.C. § 846. The indictment identifies multiple overt acts that were part of this alleged conspiracy, which began in or about 2010 and ended in or about May 7, 2015.

All of the charges in the indictment arise out of the defendants' joint participation in a single drug-trafficking organization that distributed crack cocaine in and around an area known colloquially as "the Grounds" – a playground/basketball court located near the intersection of 52nd Street and Westminster Avenue in the Mill Creek section of West Philadelphia. The territory of crack distribution was located within the playground basketball court, as well as within 1,000 feet of a second playground located at the intersection of 52nd Street and Wyalusing Avenue. The organization operated to distribute crack cocaine from at least as early as 2010 and continued through 2015.

The organization was led by an individual (Person #1) that purchased sums of cocaine and crack cocaine from defendant Robert Mack. Person #1 then converted cocaine into crack cocaine and packaged the crack cocaine into distribution amounts. Person #1 then provided the crack cocaine to his sub-distributors, defendants Kenneth Riley, James Wilson, Clayton Roberts, Mark Samuel, Xavier Towel, Sir Robert Keen, and others, who then sold the sums of crack cocaine to customers in and around "the Grounds" playground.

The government provided the defendants' prior criminal record and certified conviction records to defense counsel in discovery which reflects the following convictions:

As to Kenneth Riley:

| Docket | Arrest | Resolution | Charge | Sentence |
|---|---|---|---|---|
| CP-51-CR-0001749-2011 | 1/11/11 | Guilty Plea | PWID | 5 years of |

|   |   |   |   | probation |
|---|---|---|---|-----------|

As to James Wilson:

| Docket | Arrest | Resolution | Charge | Sentence |
|---|---|---|---|---|
| CP-51-CR-0012796-2010 | 8/13/10 | Guilty Plea | PWID | 5 years of probation |
| CP-51-CR-0014503-2010 | 8/24/10 | Guilty Plea | PWID | 5 years of probation |
| MC-51-CR-0046304-2010 | 10/26/10 | Guilty Plea | PWID | 2 years of probation |

As to Mark Samuel:

| Docket | Arrest | Resolution | Charge | Sentence |
|---|---|---|---|---|
| CP-51-CR-0005128-2015 | 2/13/15 | Guilty Plea | PWID | 2 years of probation |

As to Xavier Towel:

| Docket | Arrest | Resolution | Charge | Sentence |
|---|---|---|---|---|
| CP-51-CR-0000858-2011 | 11/30/10 | Guilty Plea | Conspiracy | 3 years of probation |

Each of the above noted criminal convictions arose from the respective defendant's possession with intent to distribute crack cocaine within "the Grounds" playground. At trial Person #1, and other cooperating witnesses, will testify that each of the above convictions arose as a result of the defendants' distribution of crack cocaine for the organization, within the organization's territory, and was an act done in furtherance of the charged drug conspiracy.

If the defendant testifies at trial, the government will seek to impeach him, pursuant to Rule 609, with evidence of these convictions. Similarly, if the defendant presents

character witnesses, the government will seek to impeach those witnesses with the defendant's prior record, *e.g.,* to test the standard by which they measure reputation and character.[1]

## III. ARGUMENT

The Third Circuit has set forth four basic factors to be considered in weighing the probative value against the prejudicial effect when applying Fed. R. Evid. 609(a)(1): "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the [defendant's] testimony to the case; [and] (4) the importance of the credibility of the defendant." *United States v. Caldwell*, 760 F.3d 267, 286 (3d Cir. 2014), citing *Government of the Virgin Islands v. Bedford*, 671 F.2d 758,761, n.4 (3d Cir. 1982). Accordingly, evidence that may have been inadmissible under Rule 404(b) is nevertheless admissible under Rule 609 because a testifying defendant's credibility is the central issue. *See United States v. Haslip*, 160 F.3d 649, 653-54 (10th Cir. 1998); *United States v. Valencia*, 6l F.3d 616, 618-19 (8th Cir. 1995); *United States v. Smith*, 49 F.3d 475, 478 (8th Cir. 1995). Here, these factors support admission of the defendant's prior conviction, should he testify.

Rule 609(a)(l) permits evidence of a prior felony to impeach a testifying witness that is also a defendant in a criminal trial, "if the probative value of the evidence outweighs its prejudicial effect to that defendant." *Caldwell*, 760 F.3d at 286. "[P]ermissible questioning typically is limited to the number of convictions, and the nature, time, and date of each." *United*

---

[1] The defendant's release from custody from that conviction was within the past 10 years and is punishable under the relevant state statute by a period of imprisonment for more than a year, i.e., is a felony conviction. *See* 18 Pa. C.S.A. § 106.

*States v. Faulk*, 53 Fed. Appx. 644, 645 (3d Cir. 2002) (citing McCormick on Evidence, § 42 at 167 (5th ed. 1999)). The Third Circuit has explained "Rule 609 is premised on 'the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.' ... Rule 609 evidence is admitted in order to inform the jury about the character of the witnesses whose testimony the jury is asked to believe." *United States v. Murphy*, 172 Fed. Appx. 461, 462 (3d Cir. 2006), citing W*alden v. Georgia Pacific Corp.*, 126 F.3d 506, 523 (3d Cir. 1997) (citations omitted). The trial court can reserve making its final ruling on this issue until after the defendant testifies. *See Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000), citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

Juries are routinely instructed that a prior felony is appropriately considered when assessing a witness' credibility; *see* Devitt and Blackmar § 15.08, under the assumption that felony convictions are relevant. In this case, the defendant's prior felony drug conviction is relevant to the jury's assessment of his credibility if he takes the stand in his own defense, particularly if he denies prior involvement in drug trafficking activity or knowledge of the drug trade, and therefore should be admissible for impeachment purposes. The defendant's prior conviction is more probative than prejudicial, and so should be admitted under Rule 609(a)(l).

A. **The Kind of Crime Involved**

The Third Circuit has stated that both the impeachment value of the prior conviction and its similarity to the charged crime are considered when evaluating the kind of crime involved. *Caldwell,* 760 F.3d at 286. Crimes of violence are viewed as having a lower probative value in weighing credibility whereas crimes that imply some dishonesty have a higher probative value and are more likely to be admitted. *Id.* However, the more similar the

8

prior conviction to the charged offense, the less likely the conviction would be admitted for impeachment purposes. *Id.* at 286-87. However, here the convictions at issue are not simply similar offenses, they are substantially more probative because they are intrinsic to the charged drug conspiracy and are overt acts done in furtherance of the conspiracy.[2] The defendant's prior convictions for conduct that was done within the scope of the conspiracy demonstrate proof of his membership in the conspiracy. Moreover, courts repeatedly have found that a drug distribution conviction, such as the defendant's, is probative of a defendant's character for truthfulness and, therefore, is properly admitted under Rule 609(a)(l) to impeach a defendant. As the Second Circuit has reasoned:

> Prime among [the factors to be considered under Rule 609(a)] is whether the crime, by its nature, is probative of a lack of veracity… Here, the District Judge in his discretion was entitled to recognize that a narcotics trafficker lives a life of secrecy and dissembling in the course of that activity, being prepared to say whatever is required by the demands of the moment, whether the truth or a lie. From this he could rationally conclude that such activity in a witness' past is probative on the issue of credibility.

*United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977) (emphasis added).

The probative value of a prior narcotics conviction has been deemed sufficient to outweigh the potential prejudice, even when admitted in a trial on new narcotics charges. *See, e.g., United States v. Rose*, 2008 U.S. Dist. LEXIS 18013 at *14-20 (E.D. Pa. Mar. 10, 2008) (allowing government to use prior convictions for narcotics trafficking to impeach the defendant in drug case); *United States v. Hernandez*, 106 F.3d 737, 739-40 (7th Cir. 1997) (prior convictions for possession of cocaine and marijuana admissible to impeach the defendant in

---

2  Indeed the government has filed a separate motion in limine to permit the introduction of these same convictions in its case in chief.

9

kidnapping prosecution, although kidnapping was drug-related); *United States v. Cordoba*, 104 F.3d 225, 229 (9th Cir. 1997) (prior conviction for possession with intent to distribute cocaine admissible for impeachment under Rule 609 in drug case); *United States v. Borrome*, No. 97-00224-01, 1997 WL 786436 at *3-5 (E.D. Pa. Dec. 3, 1997) (allowing government to use prior drug convictions to impeach defendant in drug case).[3]

### B.   When the Conviction Occurred

Rule 609(b) limits the use of evidence to impeach a witness to no more than ten years since the defendant's conviction or release from confinement for it, whichever is later. Fed. R. Evid. 609(b). The defendants' convictions occurred within the last 10 years, and within the scope of the conspiracy, of his release from custody.   As such, these prior convictions are not so remote in time as to create unfair prejudice to the defendant.

### C.   The Importance of the [Defendant's] Testimony to the Case

Should the defendant choose to testify, his testimony will become central to this case and to any defense that he may offer at trial for himself. The defendant's account of the purported "facts," denials of participation in any criminal activity or wrongdoing, and any exculpatory explanations for the drug trafficking that occurred during the time of this conspiracy are obviously of great significance. This Court has stated that all defendants who make the voluntary choice to testify place their credibility as a central issue at trial. *United States v. Sanders,* 2006 WL 3531462 at *5-6 (E.D. Pa. Nov. 30, 2006); *see also United States*

---

3   The government is not seeking to introduce to the defendant's prior conviction pursuant to Federal Rule of Evidence 609(a)(2), which authorizes automatic admission of prior convictions in the nature of *crimen falsi.*

*v. Rosato,* 1999 WL 58577, at *7 (E.D. Pa Jan. 27, 1999) ("A defendant who testifies is invariably the centerpiece of any criminal defense, and the defendant's credibility is always at issue").

### D.     The Importance of the Credibility of the Defendant

In the upcoming trial, the most important issue will be the credibility of the witnesses. When a defendant testifies, he places his credibility "directly at issue." *Murphy,* 172 Fed. Appx. at 463, citing *United States v. Beros,* 833 F.2d 455, 463-64 (3d Cir. 1987). The Third Circuit has held, "When the defendant's credibility is a central issue, this weighs in favor of admitting a prior conviction." *Caldwell,* 760 F.3d at 288, quoting Weinstein's Federal Evidence § 609.05[3][f].

It is not fair to allow a defendant, if he chooses to testify, to hide from the jury prior felonies which cast doubt on his version of the facts. *See United States v. Oakes,* 565 F.2d 170, 173 (1st Cir. 1977) (impeachment appropriate where there was "a sharp, irreconcilable conflict' between the testimony of the government's witnesses and that of the defendant, so that credibility was crucial"). As the Ninth Circuit recognized in *United States v. Alexander,* 48 F.3d 1477, 1489 (9th Cir. 1995), *cert. denied,* citing *United States v. Cook,* 608 F.2d 1175, 1187 (9th Cir. 1979), *cert. denied,* the government should not be forced to "sit silently by, looking at a criminal record which, if made known, would give the jury a more comprehensive view of the trustworthiness of the defendant as a witness."

The Third Circuit has explained in *United States v. Johnson,* 302 F.3d 139, 152-53 (3d Cir. 2002), where the defense depends on a jury believing the defendant's testimony and

11

disbelieving the government's witnesses, the defendant's credibility is a "major issue ... and evidence of a felony conviction is probative of credibility." And as in Johnson, it is difficult "to see how the fact of the [defendant's] prior convictions might have inflicted unfair prejudice beyond that which ordinarily accompanies evidence" under Rule 609(a)(l). *ld.* (district court properly permitted government to impeach credibility of defendant Johnson and defense witness Robertson by asking each on cross-examination about their prior felony convictions; Third Circuit explains that the defense depended on the jury believing the defendant's story rather than Sey's, and evidence of a felony conviction is probative of credibility); *see United States v. Smith,* 131 F.3d 685, 687 (7th Cir. 1997) (where the defendant's testimony directly contradicts other witnesses credibility on essential issues, prior criminal convictions are admissible for impeachment purposes). The jury is entitled to know of the defendant's prior conviction in assessing his credibility, should he choose to testify.

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, the government respectfully requests that this Court rule that the evidence of the defendant's prior conviction is admissible to impeach the defendant, should he testify under Federal Rule of Evidence 609(a)(1).

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

*/s/ Jonathan B. Ortiz*
JONATHAN B. ORTIZ
SETH SCHLESSINGER
Assistant United States Attorneys

Dated: September 10, 2018

# **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the Government's Motion in Limine has been served by me, this date, by email upon the following individuals:

Michael Drossner
Halim Drossner P.C.
1528 Walnut Street, Suite 1501
Philadelphia, PA 19102
*Attorney for Robert Mack*

Lynanne B. Wescott
The Westcott Law Firm, PC
1221 Locust Street, Suite 301
Philadelphia, PA 19107
*Attorney for Kenneth Riley*

Thomas C. Egan III
621 Swede Street
Norristown, PA 19401
*Attorney for James Wilson*

Coley O. Reynolds
Omnis Law Group LLC
1515 Market Street, Suite 1210
Philadelphia, PA 19102
*Attorney for Mark Samuel*

Noah Gorson
Gorson & Gorson, P.C.
1845 Walnut Street, Suite 1300
Philadelphia, PA 19103
*Attorney for Xavier Towel*

                 /S/ Jonathan B. Ortiz
                 JONATHAN B. ORTIZ
                 SETH SCHLESSINGER
                 Assistant United States Attorneys

DATED: September 10, 2018