# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 17-519** |
| **ROBERT MACK, (1)** | : | |
|     a/k/a "Tweet," | | |
| **KENNETH RILEY, (2)** | : | |
|     a/k/a "Kenny," | | |
| **JAMES WILSON, (3)** | : | |
|     a/k/a "JT," | | |
| **MARK SAMUEL, (5)** | : | |
| **XAVIER TOWEL, (6)** | | |
|     a/k/a "Zay," | : | |

## ORDER

AND NOW, this ____ day of _____ 2018, it is hereby ORDERED that as to the government's recordings and accompanying transcripts of conversations involving the defendants that:

1. The recording device used to record was capable of accurately recording the conversations;

2. The operator of the recording device was competent;

3. The recordings are authentic and correct;

4. There have been no changes in, additions to, or deletions from the recordings;

5. The recordings have been properly preserved;

6. The speakers on the recordings are properly identified;

7. The consenting party to the recording freely and voluntarily consented to the recording of the conversations; and

8. The transcripts of the recordings accurately represent the conversations on the recording and accurately identify the speakers and parties to the recorded conversations.

The Court further finds that the government may introduce as evidence transcripts of the conversations identified by the government, play the audio and audio/video recordings to the jury and present the jury with the transcripts to read while the recording is playing.

BY THE COURT:

_____
 HONORABLE JUAN R. SANCHEZ
 *Chief Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 17-519 |
| ROBERT MACK, (1) | : | |
|     a/k/a "Tweet," | | |
| KENNETH RILEY, (2) | : | **UNDER SEAL** |
|     a/k/a "Kenny," | | |
| JAMES WILSON, (3) | : | |
|     a/k/a "JT," | | |
| MARK SAMUEL, (5) | : | |
| XAVIER TOWEL, (6) | | |
|     a/k/a "Zay," | : | |

## GOVERNMENT'S MOTION IN LIMINE TO ADMIT RECORDINGS

The United States of America, by its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Jonathan B. Ortiz and Seth Schlessinger, Assistant United States Attorneys for the district, moves for the admission of audio and audio/video recordings at trial in the above captioned matter. The government submits the following:

On September 27, 2017, defendants Robert Mack, Kenneth Riley, James Wilson, Clayton Roberts, Mark Samuel, Xavier Towel, and Sir Robert Keen, were charged in a multicount indictment[1]. All defendants were charged at Count One with conspiracy to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846. Several defendants are charged in additional substantive counts.

---

[1] Defendants Roberts and Keen subsequently pled guilty to their respective charges.

The indictment was the result of a lengthy investigation of the defendants by agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). The investigation utilized a number of law enforcement tools including, among other things, the use of confidential informants to interact with and record interactions with the various defendants, as well as obtaining and reviewing telephones calls made by incarcerated individuals. The interactions between the confidential informants and the defendants were subject to audio and/or audio/video recordings.

Throughout the pretrial phase of this prosecution, the government has provided the defendants with, among other items, the audio and/or audio/video recordings of the defendants. The government, through several disclosures, has also provided the defendants with transcripts of the various recordings. To date, no counsel has indicated to the government any believed conflict or inaccuracy between the government's recordings and the accuracy of the government's transcripts.

During the presentation of the evidence in its case-in-chief, the government will offer into evidence these recordings with the defendants. An ATF agent and/or a civilian or cooperating witness will explain the recordings and conversations with the defendants. ATF agents that testify regarding the recordings will explain how the ATF obtained the recorded conversations. In particular, the testimony will detail the collection and storage of this evidence, as well as how the technology used prevents any changes to or deletions from the conversations. Similarly, an agent will explain how confidential sources were given recording devices under agent supervision. The testimony will address how those devices worked, how the recordings were collected and stored, and how surveillance monitored the interactions. The testimony will also address the consent of the confidential source to make the recordings. The agents and/or cooperating witnesses will establish the speakers on all recordings played in court, and will verify that they reviewed the

corresponding transcripts to assure that they accurately reflect the recording. Finally when recordings are played in court, the government will move to display the transcripts to assist the jury's understanding of the conversations.

As to the recordings of the conversations, the government avers that trial evidence elicited through the ATF agents that supervised the recordings that:

1) The recording devices used were capable of accurately recording the conversations;

2) The operators of the recording devices was competent;

3) The recordings are authentic and accurate;

4) There have been no changes in, additions to, or deletions from the recordings;

5) The recordings have been properly preserved;

6) The speakers on the recordings are properly identifiable;

7) The consenting party to the recording freely and voluntarily consented to the recording of the conversations; and

8) The transcripts of the recordings accurately represent the conversations on the recording and accurately identify the speakers and parties to the recorded conversations.

In United States v. Starks, 515 F.2d 112 (3d Cir. 1975), which held "that the burden is on the government 'to produce clear and convincing evidence of authenticity and accuracy as a foundation for the admission of such recordings,'" Id. at 121 (quoting United States v. Knohl, 379 F.2d 427, 440 (2d Cir. 1967), cert. denied, 389 U.S. 973 (1967)), and that the following factors are the generally relevant considerations:

1) That the recording device was capable of accurately recording accurately the conversations now offered in evidence;

2) That the operator of the device was competent to operate the device;

3) That the recordings are authentic and correct;

4) That changes, additions or deletions have not been made in the recordings;

5) That the recordings have been preserved in an appropriate manner;

6) That the speakers are identified; and

7) That the conversations elicited were made voluntarily and in good faith, without any kind of inducement.

Starks, 515 F.2d at 121 n.11. However, the ruling in Starks, both as to burden and content of proof, was substantially undermined by the later adoption of the Federal Rules of Evidence. In particular, Rule 901 now sets forth the appropriate test for a showing of authenticity of evidence, in order to allow the jury to consider that evidence. Rule 901(a) states: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

The Third Circuit has held that "[t]he burden of proof for authentication is slight." McQueeney v. Wilmington Trust Co., 779 F.2d 916, 928 (3d Cir.1985). The rule does not "require anything more than a prima facie showing that the evidence is what its proponent claims it to be." In re Japanese Electronic Products Antitrust Litigation, 723 F.2d 238, 285 (3d Cir. 1983), rev'd on other grounds, 475 U.S. 574 (1986). "All that is required is a foundation from which the fact-finder could legitimately infer that the evidence is what its proponent claims it to be." Id. After this preliminary determination, the final assessment of authenticity is left to the jury. Id. Thus, to the extent that Starks required "clear and convincing evidence," it is no longer good law with respect to the preliminary finding to be made by the trial court.[4] Moreover, to the extent that Starks

---

[4] The burden presently imposed by Rule 901 is the same as that applicable to factual determinations made by a judge prior to permitting the admission of evidence, under Rule 104. Thus, the Starks rule actually imposed a higher burden for admission of tape recordings than currently applies for admission of any other type of evidence. Indeed, in a civil forfeiture

suggests a particular formulation must be followed to establish authenticity of tape recordings, it is not valid.

In some cases, the factors listed in Starks may remain relevant to the preliminary determination. This is particularly so in a case in which the participants to the conversation are not available, and the government must establish the identity of the persons on the recording and the absence of any malfunction or alteration. See Rule 901(b)(9) (evidence may be authenticated by proof "describing a process or system used to produce a result and showing that the process or system produces an accurate result"). The government can establish the authenticity of the recorded conversations in a number of ways. The government can establish the absence of any malfunction or alteration. See Rule 901(b)(9) (evidence may be authenticated by proof "describing a process or system used to produce a result and showing that the process or system produces an accurate result"). The government can establish the identity of the persons on the recording through somebody who can identify their voices. See Rule 901(b)(5) ("identification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording," may be made "by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker"). Similarly, the government can authenticate a telephone conversation by evidence that a call was made to the number assigned at the time by the telephone company to a particular person ... [if] circumstances, including self-identification, show the person answering to be the one called." See Rule 901(b)(6).

At trial the government will call as witnesses, the ATF agents that supervised the recording of the confidential informants' interactions with the defendants. The agents will explain at length

---

proceeding, the Starks requirement would impose a higher burden for admissibility of tape recordings than the government faces in proving its entire claim.

their actions, experiences, and knowledge and use of the recording devices. Testimony will include explanations of how the agents utilized the confidential informant and equipped that individual with recording devices, the monitoring of the interactions between the informants and defendants, recovering the recording devices and recordings from the informants and the maintenance, storage, and safe keeping of the recordings. Moreover the agents will explain their familiarity with the investigation and the defendants. As described herein, since the Government can lay the proper foundation for the introduction of the recordings and transcripts, and the recordings and transcripts are not only relevant but material to the Government's case, the Court should admit the recordings and transcripts into evidence.

## II. Conclusion

**WHEREFORE**, the government requests that this Court grant the government's motion to admit the recordings and transcripts obtained between the confidential sources and the defendants.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney


 /S/ Jonathan B. Ortiz
JONATHAN B. ORTIZ
SETH SCHLESSINGER
Assistant United States Attorneys

# CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the Government's Motion in Limine has been served by me, this date, by email upon the following individuals:

Michael Drossner
Halim Drossner P.C.
1528 Walnut Street, Suite 1501
Philadelphia, PA 19102
*Attorney for Robert Mack*

Lynanne B. Wescott
The Westcott Law Firm, PC
1221 Locust Street, Suite 301
Philadelphia, PA 19107
*Attorney for Kenneth Riley*

Thomas C. Egan III
621 Swede Street
Norristown, PA 19401
*Attorney for James Wilson*

Coley O. Reynolds
Omnis Law Group LLC
1515 Market Street, Suite 1210
Philadelphia, PA 19102
*Attorney for Mark Samuel*

Noah Gorson
Gorson & Gorson, P.C.
1845 Walnut Street, Suite 1300
Philadelphia, PA 19103
*Attorney for Xavier Towel*

                /S/ Jonathan B. Ortiz
                JONATHAN B. ORTIZ
                SETH SCHLESSINGER
                Assistant United States Attorneys

DATED: September 10, 2018