IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | No. 17-519-1 |
| v. | : | |
| | : | CIVIL ACTION |
| ROBERT MACK | : | No. 21-3719 |

<u>**MEMORANDUM**</u>

**Chief Judge Juan R. Sánchez**      **May 1, 2023**

Petitioner Robert Mack asks this Court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Mack argues his attorney was ineffective for failing to raise various arguments at trial and on appeal, such that he was denied his Sixth Amendment right to the effective assistance of counsel. Because the record conclusively shows Mack is not entitled to relief on these claims, his motion will be denied without an evidentiary hearing.

**BACKGROUND**

On September 27, 2017, a grand jury returned an indictment charging Mack with conspiracy to distribute 280 grams or more of cocaine base (Count One), distribution of cocaine (Count Thirteen), distribution of cocaine base within 1,000 feet of a protected location (Count Fourteen), possession of a firearm in furtherance of a drug trafficking crime (Count Fifteen), and possession of a firearm by a felon (Count Sixteen). The Indictment charged Mack with serving as a supplier for a drug trafficking conspiracy operating in West Philadelphia from 2010 through May of 2015. He provided the group with cocaine powder, which was then converted into cocaine base ("crack") and sold in and around a public playground. At trial, the government's evidence against Mack included recorded conversations from July of 2015, which captured Mack selling a confidential informant cocaine powder and a firearm. A jury found Mack guilty of all charges, although he was convicted of a lesser included offense of Count One: conspiracy to distribute 28

1

grams of cocaine base, rather than the 280 grams charged in the Indictment. At sentencing, the parties disputed the appropriate drug quantity to be used in determining Mack's range under the Sentencing Guidelines. The Court heard argument on the issue, and ultimately agreed with the government that Mack could be held responsible for a greater quantity of drugs than the amount found by the jury. As a result, Mack was sentenced to 204 months' imprisonment. He appealed, alleging he had been prejudiced by improper contact between a juror and his brother during trial. The Third Circuit affirmed his conviction and sentence on August 19, 2020. One year later, Mack filed this petition, which is now ripe for review.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may seek to have his sentence vacated, set aside, or corrected if it was imposed in violation of the Constitution or laws of the United States, or is otherwise subject to collateral attack. Relief may be granted only if an error of law or fact occurred, and if such error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Eakman*, 378 F.3d 294, 298 (3d Cir. 2004) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Mack brings this § 2255 motion pro se, and so the Court construes his pleadings liberally. *See United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007). Nevertheless, Mack must plead "facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

In evaluating a § 2255 motion, the Court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record" and "must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). Although the threshold for obtaining an evidentiary hearing on a § 2255 motion

is "reasonably low," *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005) (citation omitted), "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court," *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

To demonstrate a violation of the constitutional right to effective assistance of counsel, a petitioner must show (1) his counsel's representation fell below an objective standard of reasonableness, and (2) he was prejudiced by this "deficient performance." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first *Strickland* prong "is necessarily linked to the practice and expectations of the legal community: [t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010). "No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel," and thus "courts must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In undertaking this review, "judicial scrutiny of counsel's performance must be highly deferential." *Id.* (internal quotation marks and citation omitted).

In considering the second *Strickland* prong, courts must "ask whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Padilla*, 559 U.S. at 366 (internal quotation marks and citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Workman v. Superintendent Albion SCI*, 915 F.3d 928, 944 (3d Cir. 2019). This requires a substantial, not just a conceivable likelihood of a different result. *Shinn v. Kayer*, 141 S. Ct. 517, 523 (2020); *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011).

**DISCUSSION**

Mack claims his attorney's performance was so deficient as to constitute a deprivation of his right to counsel under the Sixth Amendment. He charges his attorney with five missteps: failing to (1) appeal the drug quantity determination used to calculate his sentencing range under the Guidelines; (2) seek en banc review or a writ of certiorari; (3) raise as an affirmative defense Mack's withdrawal from the conspiracy; (4) present evidence of Mack's sale of cocaine powder rather than crack; and (5) argue Mack merely had a "buyer-seller relationship" with the conspirators. Because "[t]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument," Mack's petition will be denied. *United States v. Sanders*, 165 F.2d 248, 253 (3d Cir. 1999).

First, Mack's contends his counsel was ineffective for failing to appeal the Court's reliance on a higher drug weight at sentencing. This claim is without merit. At trial, by special interrogatory, the jury found Mack conspired to distribute 28 grams or more of cocaine base, rather than the 280 grams charged in the Indictment. Jury Verdict 1-2, ECF No. 210. Yet, at sentencing, the Court held Mack responsible for conspiring to distribute 280 grams in determining the applicable range under the Sentencing Guidelines. N.T. 6/20/19, at 11:14-19. Mack claims this was in error and his attorney should have appealed this aspect of his sentence. He is incorrect.

A court "may consider, without limitation any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4 (citing 18 U.S.C. § 3661). This includes "all reasonably foreseeable acts of co-conspirators in furtherance of the conspiracy." *United States v. Davila*, 44 F. App'x 584, 586 (3d Cir. 2002). The At sentencing, a court may consider underlying conduct despite an acquittal by a jury, because of the lower standard of proof applicable at sentencing. *United States v. Watts*, 519 U.S. 148, 157

4

(1997) (explaining a jury's finding of not guilty beyond a reasonable doubt does not necessarily mean the government failed to established the underlying conduct by a preponderance of the evidence). At sentencing, the Court found the government showed by a preponderance of the evidence that Mack conspired to distribute 280 grams or more of cocaine base, and acted within its discretion in incorporating this finding into its sentence. *See United States v. Mack*, Crim. No. 17-519-1, 2019 WL 2601101 (E.D. Pa. June 25, 2019).

There is no constitutional right to an appeal, and while a defendant has the "ultimate authority" to make certain fundamental decisions, counsel's decision to raise particular arguments on appeal in lieu of others is due great deference. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Indeed, strong advocates often decide to "winnow" out weaker arguments to focus on a more compelling or central issue. *Id.* "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). Because the Court did not act improperly in holding Mack accountable at sentencing for a greater drug quantity than that found by the jury, his attorney cannot be said to be ineffective for failing to raise this argument on appeal. *See Sanders*, 165 F.2d at 253.

Next, Mack claims counsel erred by failing to seek an en banc rehearing by the Third Circuit or to file a petition for writ of certiorari in the Supreme Court. Neither decision to forego further litigation constituted ineffective assistance. First, pursuant to Federal Rule of Appellate Procedure 35, a party may only petition for a rehearing en banc if an appellate decision "conflicts with a decision of the United States Supreme Court or of the court to which the petition is addressed," or "involves one or more questions of exceptional importance" such as a circuit split. Neither situation applied to the Third Circuit's denial of Mack's appeal. Second and more

generally, the Constitution confers no right to pursue discretionary applications for review, such as writs of certiorari. *Wainwright v. Torna*, 455 U.S. 586, 587 (1982); *Ross v. Moffitt*, 417 U.S. 600, 610 (1974). Because Mack had no constitutional right to this discretionary appeal, counsel's failure to pursue it cannot form the basis of a constitutional violation. *United States v. Dill*, 555 F. Supp. 2d 514, 519 (E.D. Pa. 2008).

Third, Mack alleges his attorney was ineffective when he failed to assert Mack's withdrawal from the conspiracy as an affirmative defense.[1] As at the appellate level, at trial counsel has discretion to pursue certain arguments over others. *Strickland*, 466 U.S. at 689. Mack's attorney made the reasonable decision to argue Mack was not part of the conspiracy at all, but instead had a buyer-seller relationship with the other defendants, as explained below. Indeed, this defense likely led to the jury finding Mack guilty of conspiring to distribute 28 grams of cocaine base rather than 280. The strategic choice to select one argument over another is "virtually unchallengeable," and Mack offers no evidence to suggest the defense of withdrawal would have been more effective than the avenue pursued by his attorney. *Id.* at 690. Because Mack has failed to rebut the presumption that counsel's decision was the product of "sound trial strategy," his claim of inefficacy will be denied. *Id.* at 689 (internal citation omitted).

Fourth, Mack claims counsel erred by failing to present evidence Mack was selling cocaine powder rather than crack. He cites no facts in support of this allegation, which is not mentioned in his supporting brief. "Bald assertions and conclusory allegations" without supporting evidence are insufficient to meet the standard for an evidentiary hearing on habeas review. *United States v.*

---

[1] As the government notes, Mack simply claims counsel failed to "assert an affirmative defense." Mem. Supp. Pet. 3, ECF No. 326-1. However, the portion of the transcript he cites in support of this claim involves a conversation relating to withdrawal from the conspiracy. *See* N.T. 10/12/18, at 10:20-11:7. The Court thus assumes Mack is referring to the affirmative defense of withdrawal.

*Donohue*, 792 F. App'x 165, 169 (3d Cir. 2019) (internal citation omitted). Despite attempting to construe this pro se petition liberally, the Court lacks sufficient context to evaluate this claim. It will be denied.

Finally, Mack claims defense counsel was ineffective for failing to argue Mack was in a buyer-seller relationship with the other defendants, rather than a part of the conspiracy. "[A] simple buyer-seller relationship, without any prior or contemporaneous understanding beyond the sales agreement itself, is insufficient to establish that the buyer was a member of the seller's conspiracy." *United States v. Gibbs*, 190 F.3d 188, 197 (3d Cir. 1999). Relevant factors which may distinguish the simple buyer or seller from the co-conspirator include: "(1) the length of affiliation between the defendant and the conspiracy; (2) whether there is an established method of payment; (3) the extent to which transactions are standardized; (4) whether there is a demonstrated level of mutual trust; [and] (5) whether transactions involved large amounts of drugs." *United States v. Bailey*, 840 F.3d 99, 108 (3d Cir. 2016) (internal quotation marks omitted) (quoting *Gibbs*, 190 F.3d at 199). Mack's attorney did in fact raise this defense, arguing the evidence against Mack demonstrated only a short "length of affiliation" with the conspirators. *Id.* In closing, counsel pointed out there was no evidence Mack was involved with the defendants during the time of the conspiracy, 2010 to May of 2015, as the recorded drug and firearm sale in which he participated occurred in July of 2015. N.T. 10/11/18, at 99:18-22; 112:12-23. Counsel attacked the credibility of witnesses who suggested otherwise. *Id.* 100:2-5; 103:12-106:25; 107:11-24; 110:10-25; 113:12-20; 116:20-25. All of this went to the defense theory of the case: that Mack was not a part of the conspiracy, but rather a one-time seller to someone who was. Mack's allegations of inefficacy in this regard are thus belied by the record.

Mack further claims counsel was ineffective for failing to request a jury instruction on the buyer-seller relationship. However, a defendant is not entitled to an instruction if the requested instruction is duplicative of those already included in the charge. *United States v. Hoffecker*, 530 F.3d 137, 167 (3d Cir. 2008), *superseded on other grounds as recognized by Rad v. Att'y Gen. of U.S.*, 983 F.3d 681, 668 n.13 (3d Cir. 2020). The Court's given conspiracy instruction encompassed the distinction between a co-conspirator and a buyer-seller. N.T. 10/11/18, at 152:4-9 ("The Government must prove that Mr. Mack knew the goals, or objectives, of the agreement, or conspiracy, and voluntarily joined it during its existence, intending to achieve the common goals."); *id.* 152:19-25 ("Evidence which shows that Mack only knew about the conspiracy, or only kept that company by associating with members of the conspiracy, . . . or when a crime was committed, is not sufficient."). Thus, in order to find Mack to be a conspirator, the jury necessarily had to find he was more than a simple seller. Because the "essence" of the buyer-seller instruction was included in the conspiracy charge, it was not ineffective to fail to request that additional instruction. *United States v. Stallings*, 701 F. App'x 164, 168 (3d Cir. 2017).

For the foregoing reasons, Mack's motion under 28 U.S.C. § 2255 will be denied. Because the record conclusively shows Mack is not entitled to relief, no evidentiary hearing is required. *See United States v. Carter*, 477 F. App'x 875, 876 (3d Cir. 2012). Further, the Court cannot find Mack has made the requisite substantial showing of the denial of a constitutional right, nor has he demonstrated jurists of reason would find this or the correctness of the Court's procedural findings to be debatable. There is thus no basis upon which to issue a certificate of appealability. *See generally* 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.